IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| HAKEEM JEFFERSON, | : | NO: 1:22-cv-01169-SES |
| Plaintiff | : | |
| | : | CIVIL ACTION – LAW |
| v. | : | |
| | : | |
| NORTHUMBERLAND COUNTY | : | MAG. JUDGE SUSAN E. SCHWAB |
| d/b/a NORTHUMBERLAND | : | |
| COUNTY JAIL, PRIMECARE | : | |
| MEDICAL, INC., BRUCE KOVACH, | : | |
| MR. SHUROCK, MR. SCHWARTZ, | : | |
| and NICK ALLISON, | : | |
| Defendants | : | JURY TRIAL DEMANDED |

**BRIEF OF PRIMECARE MEDICAL, INC. IN SUPPORT OF
ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

**I.      HISTORY OF THE CASE**

Plaintiff filed his Complaint in the Court of Common Pleas of Northumberland County on June 24, 2022.  The Northumberland County Defendants filed a Notice of Removal (with the consent of PrimeCare) on July 28, 2022.  (Doc. 1).  The Northumberland County Defendants filed their Motion to Dismiss on August 12, 2022.  (Doc. 6).  This Brief is filed in support of the Motion to Dismiss filed by PrimeCare.

This matter arises from Plaintiff's incarceration in the Northumberland County Jail. (Doc. 1-2, ¶ 1). PrimeCare has a contract with Northumberland County to provide medical services to inmates incarcerated in the Northumberland County Jail. (Doc. 1-2, ¶ 7).

Plaintiff alleges that on February 9, 2022, he was attacked by an inmate who repeatedly punched him causing him to suffer injuries to his face and eyes. (Doc. 1-2, ¶ 15). Plaintiff alleges he was taken to Geisinger Shamokin Community Hospital where he was required to have 16 stitches near his left eye. (Doc. 1-2, ¶ 16). Plaintiff claims that the injuries to his face cause him to lose vision and have intense headaches. (Doc. 1-2, ¶ 17).

Plaintiff alleges he was not taken to a follow-up medical appointment. (Doc. 1-2, ¶ 19). Plaintiff claims that PrimeCare "should have taken steps to make sure" he was taken to his follow-up appointment in a timely manner to receive proper medical care. (Doc. 1-2, ¶ 20). Plaintiff was released from the Northumberland County Jail on April 1, 2022.

Count I of Plaintiff's Complaint is for an alleged failure to provide medical care. Count III of Plaintiff's Complaint is premised upon negligence. Plaintiff has not filed a Certificate of Merit to support his cause of action for negligence.

II. **ISSUES**

    A.    SHOULD THIS HONORABLE COURT GRANT PRIMECARE MEDICAL, INC.'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT WHERE PLAINTIFF CANNOT DEMONSTRATE A DIRECT CAUSE OF ACTION AGAINST PRIMECARE?

    B.    SHOULD THIS HONORABLE COURT GRANT PRIMECARE MEDICAL, INC.'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT WHERE PLAINTIFF HAS NOT FILED A CERTIFICATE OF MERIT?

*Suggested Answer as to Both*: YES

III. **ARGUMENT**

Plaintiff's claims against PrimeCare must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6). Under the notice pleading requirements of Rule 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." However, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), the complaint must plead sufficient factual allegations, which, taken as a whole, state a facially plausible claim to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955 (2007). A complaint satisfies this threshold if "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937 (2009), citing *Twombly*, 550 U.S. at 556.

"Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are insufficient to establish plausible allegations. *Id.* at 664 (citing *Twombly*, 550 U.S. at 555). In analyzing the complaint, the court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (quoting *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008)). The court may disregard any legal conclusions alleged. *Id.* at 210-11 (*citing Iqbal*, *supra*).

After *Iqbal*, when presented with a motion to dismiss for failure to state a claim, District Courts conduct a two-part analysis. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-211 (3d Cir. 2009). First, the factual and legal elements of a claim should be separated. *Id.* The court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. *Id*. Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." *Iqbal*, 556 U.S. at 679. In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts. *Id*. As the Supreme Court instructed in Iqbal, "[w]here the well-pleaded facts do

not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief'." *Iqbal*, 556 U.S. at 679. This "plausibility" determination will be "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

A motion to dismiss, pursuant to Fed. R. Civ. P. 12(b)(6), should be granted if, accepting all well-pleaded allegations in the complaint as true and viewing them in a light most favorable to the plaintiff, the plaintiff is not entitled to relief. *See Nami v. Fauver*, 82 F.3d 63, 65, (3d Cir. 1996); *Holder v. City of Allentown*, 987 F.2d 188, 194 (3d Cir. 1993). A court should dismiss a plaintiff's complaint whenever it appears that the plaintiff cannot prove any set of facts in support of his claim which would entitle him to relief. *Jenkins v. McKeithen*, 395 U.S. 411, 89 S. Ct. 1843 (1969); *Conley v. Gibson*, 355 U.S. 41, 78 S. Ct. 99 (1957); *Graves v. Lowery*, 117 F.3d 723, 726 (3d Cir. 1997).

    **A.**    **PLAINTIFF'S FEDERAL CAUSE OF ACTION AGAINST PRIMECARE MEDICAL, INC. SHOULD BE DISMISSED BECAUSE IT IS PREMISED UPON VICARIOUS LIABILITY.**

As to PrimeCare Medical, Inc., it is well established that vicarious liability is not recognized under § 1983. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691-92, 98 S. Ct. 2018, 2036 (1978). Therefore, "[a] private corporation contracted by a

prison to provide health care for inmates cannot be held liable on a respondeat superior theory; rather, it can only be held liable for constitutional violations if it has a custom or policy exhibiting deliberate indifference to a prisoner's serious medical needs." *Henry v. Buskirk,* 2011 U.S. Dist. LEXIS 18644 *10 (E.D. Pa. 2011) citing *Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 583-584 (3d Cir. 2003); *Monell*, 436 U.S. at 690-92 (1978). Not all action rises to the level of a custom or policy. *Natale*, 318 F.3d at 584. A policy is made when a decision maker possessing final authority to establish municipal policy with respect to the action issues a final proclamation, policy or edict. *Id.* at 583. A custom is an act, while not approved by a decision maker, is so widespread as to have the force of law. *Id.* at 583.

A plaintiff must also show that "there is a direct causal link between [the] municipal policy or custom and the alleged constitutional deprivation." *Brown v. Muhlenberg Twp.*, 269 F.3d 205, 214 (3d Cir. 2001) quoting *City of Canton v. Harris*, 489 U.S. 378, 385, 109 S. Ct. 1197 (1989) (emphasis added). It must be the policymaker's actions that "directly caused constitutional harm." *Gottlieb v. Laurel Highlands Sch. Dist.*, 272 F.3d 168, 175-176 (3d Cir. 2001).

Plaintiff's Complaint contains no allegations as to how PrimeCare's policies and procedures were deficient. To the contrary, the only allegation is that Plaintiff

was allegedly not taken to a follow-up appointment for his injuries. There are no allegations that the follow-up appointment failed to occur as result of faulty policies and procedures. In fact, the Complaint clearly demonstrates that there is a process in place for inmates to receive outside medical care, because Plaintiff received outside medical care. At most, Plaintiff's Complaint shows that some PrimeCare unidentified employee failed to schedule an outside appoint. At most that is negligence. But irrespective, PrimeCare cannot be vicariously liable for one of its employees failing to schedule an appointment. Plaintiff's Complaint is sorely deficient in demonstrating a direct cause of action against PrimeCare. Therefore, PrimeCare respectfully requests that this Honorable Court grant its Motion to Dismiss and that Plaintiff's Complaint be dismissed with prejudice.

**B.  PLAINTIFF'S MEDICAL MALPRACTICE CAUSE OF ACTION SHOULD BE DISMISSED FOR FAILING TO FILE A CERTIFICATE OF MERIT.**

Plaintiff has asserted a cause of action for medical malpractice against PrimeCare. Pennsylvania Rule of Civil Procedure 1042.3 requires a plaintiff to file a certificate of merit in any professional negligence action for each defendant within sixty (60) days of the filing of the complaint. The certificate must be signed by the party or an attorney and certify that either:

> (1) an appropriate licensed professional has supplied a written statement that there exists a reasonable probability that the care, skill

> or knowledge exercised or exhibited in the treatment, practice or work that is the subject of the complaint, fell outside acceptable professional standards and that such conduct was a cause in bringing about [**7] the harm, or
>
> . . .
>
> (3) expert testimony of an appropriate licensed professional is unnecessary for prosecution of the claim.

Pa.R.C.P. 1042.3(a). The foregoing rule permits a 60-day extension of the period for filing certificates of merit for "good cause shown." Pa.R.C.P. 1042.3(d). A motion requesting an extension must be filed by the thirtieth day after the filing of a notice of intention to enter judgment of non pros. *Id.*

Pennsylvania's federal courts have recognized that Pa.R.C.P. 1042.3 is substantive state law which must be applied regardless of whether jurisdiction is premised upon diversity or the state law claims are pendent. *See, e.g., Crawford v. McMillan*, 660 F. App'x. 113, 117 (3d Cir. 2016); *Chamberlain v. Giampapa*, 210 F.3d 154, 158 (3d Cir. 2000); *Liggon-Redding v. Estate of Sugarman*, 659 F.3d 258, 264-65 (3d Cir. 2011). Failure to comply with the requirements of Rule 1042.3 will result in dismissal and a judgment of non pros entered in favor of the defendant unless the plaintiff can show "reasonable excuse" for the noncompliance. Pa.R.C.P. 1042.6, 1042.3; *Perez v. Griffin*, 304 F. App'x. 72, 74-75 (3d Cir. 2008) citing *Womer v. Hilliker*, 908 A.2d 269, 279-80 (Pa. 2006). "However, a pro se litigant's ignorance of or mistaken assumptions about the

requirements of Rule 1042.3 cannot serve as a reasonable excuse." *See Perez*, 304 F. App'x. at 75 (affirming dismissal of pro se litigant's professional negligence claim based upon his failure to file a certificate of merit or requesting an extension of time to do so and discounting the plaintiff's excuse that he did not do so because he did not believe a certificate of merit was required). Thus, unless a certificate of merit is timely filed, allegations sounding in state law malpractice claims must be stricken from the Complaint. *See Perez*, 304 F. App'x. at 74-75; *Velazquez v. UPMC Bedford Memorial Hosp.*, 328 F. Supp. 2d 549, 558 (W.D. Pa. 2004).

The Third Circuit has also held that notice must be given prior to seeking dismissal of a cause of action for failing to file a certificate of merit. *Schmigel v. Uchal*, 800 F.3d 113 (3d Cir. 2015). The Court stated:

> [I]n 2008, the Pennsylvania Supreme Court amended the Rules of Civil Procedure to add additional conditions precedent to a defendant's dismissal of a case. As a result of those changes, a Pennsylvania malpractice defendant now may dismiss an action only if four conditions are met: (1) there is not a pending motion (a) for a determination that a COM is unnecessary in the first place or (b) seeking to extend the time to file a COM; (2) a COM was not filed before dismissal was sought; (3) the defendant has attached proof that he served notice of the deficiency upon the plaintiff; and as is relevant here (4) thirty days has elapsed between the notice of deficiency and the defendant's attempt to terminate the action.

*Id.* at 117-8.

Plaintiff was provided Notice of PrimeCare's intention to seek dismissal of the negligence cause of action on August 15, 2022. (Doc. 10). Thus, it is conceded that the 30-day notice period has not expired and it is possible that Plaintiff may file a rules-compliant certificate of merit. However, if Plaintiff does not file a compliant certificate of merit, it is submitted that Plaintiff's medical malpractice cause of action be dismissed. Therefore, PrimeCare Medical, Inc. respectfully requests that this Honorable Court grant its Motion to Dismiss and that Plaintiff's Complaint be dismissed with prejudice.

    Respectfully submitted,

    MARSHALL DENNEHEY WARNER
    COLEMAN & GOGGIN

By: */s/ John R. Ninosky*
    JOHN R. NINOSKY, ESQUIRE
    PA Attorney ID No. 78000
    100 Corporate Center Drive, Suite 201
    Camp Hill, PA  17011
    Telephone:  (717) 651-3709
    Fax:  (717) 651-3707
    jrninosky@mdwcg.com
    *Attorney for PrimeCare Medical, Inc.*

Date:  August 17, 2022
LEGAL/147963784.v1

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 17th day of August, 2022, the foregoing *Brief in Support of Motion to Dismiss Plaintiff's Complaint* was electronically filed with the Clerk of Court using the CM/ECF system which will send notification of such filing to counsel of record, which service satisfies the requirements of the Federal Rules of Civil Procedure.

David A. Berlin, Esquire
Matthew B. Weisberg, Esquire
Weisberg Law
7 South Morton Avenue
Morton, PA  19070
mweisberg@weisberglawoffices.com
dberlin@weisberglawoffices.com
*Attorney for Plaintiff*

Gary Schafkopf, Esquire
Schafkopf Law, LLC
11 Bala Avenue
Bala Cynwyd, PA  19004
gschafkopf@gmail.com
*Attorney for Plaintiff*

Christine E. Munion, Esquire
William J. Ferren & Associates
P.O. Box 2903
Hartford, CT 06104-2903
cmunion@travelers.com
*Attorney for Northumberland County Defendants*

MARSHALL, DENNEHEY, WARNER
COLEMAN & GOGGIN

By: /s/ John R. Ninosky
John R. Ninosky